Juan XIAO, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–401148.

United States Court of Appeals,
Second Circuit.

Feb. 3, 2006.

**912**

Gary J. Yerman, New York, New York, for Petitioner.

Andrew J. Lay, Assistant United States Attorney, for James G. Martin, United States Attorney for the Eastern District of Missouri, for Respondent.

PRESENT: Honorable JOSEPH M. MCLAUGHLIN, Honorable REENA RAGGI, Circuit Judges, and Honorable JED S. RAKOFF, District Judge.[1]

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the order of the Board of Immigration Appeals ("BIA") is hereby DENIED in part and GRANTED in part. The BIA's order is VACATED in part and the case is REMANDED for further proceedings consistent with this order.

Juan Xiao, a Chinese national, petitions for review of a January 10, 2003 order of the BIA summarily affirming the October 29, 2001 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the United Nations Convention against Torture ("CAT"). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Where, as in this case, the BIA summarily affirms an IJ decision denying relief from removal, *see* 8 C.F.R. § 1003.1(e)(4), we treat the IJ's ruling as the final agency determination and review it directly, *see Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. United States Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). Where an IJ decision depends on findings of fact, our review is deferential, inquiring only into whether the findings are supported by substantial evidence. *See Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005). Indeed, we will uphold "an administrative finding of fact unless we conclude that a reasonable adjudicator would be compelled to conclude to the contrary." *Zhou Yun Zhang v. United States INS*, 386 F.3d 66, 73 (2d Cir. 2004); *see* 8 U.S.C. § 1252(b)(4)(B). We review *de novo* any questions of law, including questions as to the sufficiency of the evidence necessary to carry an applicant's burden. *See Islami v. Gonzales*, 412 F.3d at 396.

1. *Petitioner's Asylum Application*

The Immigration and Nationality Act of 1952 ("INA") provides, in part, that "[a]ny alien who is physically present in the United States or who arrives in the United States ... irrespective of such alien's status, may apply for asylum." 8 U.S.C. § 1158(a)(1). The statute creates a number of exceptions to this broad language,

---

1. The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

including one that effectively creates a filing deadline: § 1158(a)(1) "shall not apply to an alien unless the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." *Id.* § 1158(a)(2)(B). This deadline, however, is itself subject to an exception "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified in subparagraph (B)." *Id.* § 1158(a)(2)(D).

■ Petitioner contends that the IJ erred as matter of law in rejecting her asylum application as untimely because the birth of her first child and her second pregnancy in the United States constituted "changed circumstances," which exposed her to likely sterilization if returned to China. Whether or not the IJ erred when making factual determinations that petitioner had failed to demonstrate "changed circumstances" is not a matter we can review. The law plainly states: "No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)" of § 1158(a). *Id.* § 1158(a)(3). Moreover, in considering what effect, if any, section 106(a)(2)(D) of the REAL ID Act, 8 U.S.C. § 1252(a)(2)(D) (providing that "[n]othing in ... any provision of this Act ... which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review"), had on this court's jurisdiction to review an asylum application that the BIA has deemed untimely or as to which the BIA has found neither changed nor extraordinary circumstances, this court recently confirmed that we do not have jurisdiction to review BIA

timeliness determinations. *See Xiao Ji Chen v. United States Dep't of Justice,* 434 F.3d 144, 154–55 (2d Cir.2005) ("Because the REAL ID Act only provides us with jurisdiction to review constitutional claims or matters of statutory construction, we remain deprived of jurisdiction to review discretionary and factual determinations."). Thus, to the extent petitioner contends that the IJ abused his discretion when making factual determinations that she had failed to demonstrate "changed" circumstances, we must deny this part of her petition for review. *See id.* at 154–56.

### 2. Petitioner's Application for Withholding of Removal and CAT Relief

Timeliness concerns do not pertain to petitioner's alternative grounds for seeking relief from removal. *See id.* at 155–56 (noting that "eligibility for withholding of removal is not subject to 8 U.S.C. § 1158(a)(2)(B)'s one-year ban," and thus must be considered regardless of the timeliness of petitioner's asylum request). To secure withholding of removal, an alien must prove a "clear probability" that she will suffer persecution in the country of removal, that is, she must show "that it is more likely than not" that her life or freedom would be threatened on account of political opinion or another legally protected ground. *See Melgar de Torres v. Reno,* 191 F.3d 307, 311 (2d Cir.1999) (internal quotation marks omitted); *accord Islami v. Gonzales,* 412 F.3d at 395. The BIA has recognized that "[c]oerced sterilization" constitutes "a permanent and continuing act of persecution." *In re Y–T–L–,* 23 I. & N. Dec. 601, 607, 2003 WL 21206539 (BIA 2003). Thus, "if petitioner had demonstrated to the IJ that there was a clear probability that she would be sterilized if she returned to China, she would be entitled to withholding of removal under the INA." *Xiao Ji Chen v. United States Dep't of*

*Justice,* 434 F.3d 144, 2006 WL 27427, at *7.

To secure CAT relief, an alien must prove that, if removed, she is "more likely than not" to suffer torture. *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 133–34 (2d Cir.2003). Torture is defined as " 'the intentional infliction of pain or suffering . . . perpetrated or sanctioned by a nation's authorities.' " *Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 407 (2d Cir.2005) (quoting *Ramsameachire v. Ashcroft,* 357 F.3d 169, 184 (2d Cir.2004)); *see* 8 C.F.R. § 208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment. . . ."). The possibility of prosecution or even imprisonment for unlawful violation of Chinese travel control laws does not constitute torture. *See Mu Xiang Lin v. United States Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005); *see also Saleh v. United States Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992) (noting that "punishment for a violation of a generally applicable criminal law is not persecution"). Similarly, fines imposed for giving birth in violation of family planning restrictions do not constitute torture warranting CAT relief. *See Nen Ying Wang v. Ashcroft,* 368 F.3d 347, 350 (3d Cir.2004) (noting that "[t]he requirement to pay a fine does not fit within the definition of 'torture' "). To the extent petitioner argues otherwise, we deny her petition for review. On the other hand, it remains an open question whether forcible sterilizations may be recognized as torture. *See Xue Hong Yang v. United States Dep't of Justice,* 426 F.3d 520, 522–23 (2d Cir.2005) (noting that neither the BIA nor this court has determined "whether forcible sterilization amounts to torture that persists into the future, such that a victim of forced sterilization automatically qualifies for withholding under CAT"); *see also Cao He Lin v. United States Dep't of Justice,* 428 F.3d at 407 (remanding to the BIA to determine whether it was more likely than not that petitioner would be sterilized and whether sterilization constitutes torture).

■ To the extent petitioner's withholding and CAT claims are based on her professed fear of forcible sterilization, we identify a legal error in the IJ's review of the record that requires remand. The IJ concluded that petitioner had failed to demonstrate that it was more likely than not that she would be persecuted or tortured if removed to China because, although she had a credible subjective fear of forcible sterilization, that fear was not objectively well-founded. *See Jian Xing Huang v. United States INS,* 421 F.3d 125, 128 (2d Cir.2005) *(per curiam)* (noting that "[o]bjective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to his native country"). In reaching this conclusion, the IJ relied on a 1998 State Department profile on China, which reported that forcible sterilizations are not authorized by the country's central government and that consular officials who had visited petitioner's home province of Fujian "did not find any cases of physical force actually employed in connection with abortion or sterilization." IJ Decision at 8.

An IJ may rely on a State Department country profile in making factual findings with respect to a claim for relief from removal, provided he does not "overlook any contradictory evidence directly presented by the petitioner." *Jian Xing Huang v. United States INS,* 421 F.3d at 129; *see also Cao He Lin v. United States Dep't of Justice,* 428 F.3d at 400 (noting that in rejecting an applicant's claim, the IJ should "consider all the evidence in the record that has probative value"). In this case, it appears that the IJ may have overlooked contrary evidence, specifically,

a February 2001 State Department report, which noted that, despite China's formal prohibitions on forced abortions and sterilizations, such practices had been documented. The report indicated that, in 1998, a family planning official from Fujian province had acknowledged that local authorities in one town "systematically used coercive measures such as forced abortion and sterilization." 2001 State Dep't Report at 15. The referenced statement appears to have been that of Gao Xiao Duan, given to a House of Representatives subcommittee on June 10, 1998, a copy of which statement petitioner also submitted to the IJ.[2] The 2001 State Department report further stated that, when the allegations of coercion in Fujian became public, central government officials investigated, prompting local officials to "scale[ ] back the intensity of their family planning enforcement efforts." Id. Nevertheless, the central government acknowledged that problems of coercion "persist," although it is attempting to address them. Id.

Whether the 2001 report demonstrates that it is "more likely than not" that petitioner will be forcibly sterilized if removed to China admits no easy answer. Petitioner now has two children. It is not clear whether she intends to take them with her to China if she is removed to that country. See Xiao Aff., June 28, 2001, at 2 (noting that she would suffer if "separated from my child"); see also Trans. April 25, 2001, at 27 (indicating that petitioner's daughter lived with an aunt in New York City while petitioner worked in upstate New York). If she were to do so, however, the 2001

report does state that "[i]f a couple has two children, ... regulations *require* that either the man or woman undergo sterilization." Id. at 14 (emphasis added).[3]

It is not our task to weigh the evidence before the IJ or BIA. We note simply that, in this case, where the IJ referenced only a 1998 State Department profile, without any mention of the Department's updated 2001 report, a concern arises as to whether the latter report may have been overlooked when the IJ concluded that petitioner failed to prove an objectively reasonable fear of forcible sterilization. We do not hold that a concern about overlooked evidence necessarily arises every time an IJ fails to refer to a particular document or fragment of testimony. See *Xiao Ji Chen v. United States Dep't of Justice*, 434 F.3d at 162–64. Nevertheless, because the IJ in this case specifically stated that petitioner had "offered *no evidence* that seriously contested the [1998] findings of the State Department ... 'that the practice of forced sterilization is uncommon,'" IJ Decision at 8 (emphasis added), when, in fact, she had offered a 2001 report that appears to cast doubt on the Department's earlier sterilization conclusion, specifically as it applied to petitioner's home province in 1998, we deem it prudent to remand the case to ensure that the IJ—burdened with a crushing caseload—did not overlook the second report. To the extent petitioner cites this court to other background materials about China, developed after the IJ's ruling, which she submits further support her application for relief from removal, we expect that the IJ

---

**2.** It appears that petitioner offered a host of background materials from various organizations, much of it gleaned from Internet sites.

**3.** The 1998 profile indicates that China has exempted its nationals lawfully residing in the United States from strict adherence with its "one-child norm." 1998 State Department Profile at 32. ("U.S. permanent resident sta-

tus is the key criterion for determining whether couples are subject to family planning restrictions"). Petitioner does not fall within this exception. In any event, the profile suggests that no penalty exceptions are made for returning Chinese nationals who "conceived a second child without approval" while abroad with permission. Id.

and BIA will wish to consider the most recent relevant materials available in deciding whether petitioner has proved that it is more likely than not that she faces forcible sterilization if returned to China.

For the reasons stated, we DENY the petition for review of the BIA's January 10, 2003 order insofar as it denies petitioner's asylum claim. We GRANT the petition for review insofar as the order denies petitioner's claims for withholding of removal and CAT relief, and to that extent we hereby VACATE the BIA order and REMAND with instructions to remand this matter to the IJ for proceedings consistent with this order.